# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

FRANK HALLEY, as Next Friend )
of J.H., a minor child, )
                                   )
          Plaintiff, )
                                   )
vs. ) Case No. 14-CV-562-JHP
                                   )
STATE OF OKLAHOMA *ex rel.* the )
OKLAHOMA STATE DEPARTMENT OF )
HUMAN SERVICES, *et al.*, )
                                   )
          Defendants. )

## OPINION AND ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to Amend the Complaint (Doc. No. 138). Plaintiff seeks to amend the complaint to add a request for declaratory and injunctive relief against defendants Oklahoma State Department of Human Resources ("OKDHS") and Bryan County, Oklahoma ("Bryan County"). Plaintiff originally filed suit on April 17, 2014, based on an incident that occurred on February 14, 2014, and filed a First Amended Complaint on May 18, 2015, adding the Colbert School District ("School") as a defendant. The Court entered a scheduling order on September 10, 2015, which made amended pleadings due on October 13, 2015. (Doc. No. 74). Plaintiff sought to amend his complaint a second time on April 7, 2016. (Doc. No. 138).

Rule 15 governs amendments to pleadings generally. *See* Fed. R. Civ. P. 15. "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)). "The rule

1

instructs courts to 'freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). The Rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

Plaintiff argues he first became aware of the new causes of action earlier this year through deposition testimony. Therefore, Plaintiff argues, the delay in seeking amendment was not undue. Plaintiff further argues no prejudice would result to any defendant as a result of amendment, because the proposed amendment does not represent any deviation from the facts as pled. Plaintiff's proposed Second Amended Complaint (Doc. No. 138-8) alleges DHS participates in the Bryan County Child Abuse Task Force, which has adopted an Interagency Agreement ("Protocols") for investigating allegations of child abuse and neglect in Bryan County, Oklahoma. (Doc. No. 138-8, ¶ 52). Plaintiff alleges the Protocols call for a forensic interview at the ABC House in Durant, Oklahoma, of any child who is subject to a DHS referral complaining of one of the enumerated grounds in the Protocols, including exposure to domestic violence. (*Id.* ¶ 53). Upon receipt of such a referral, even if no imminent threat of harm to the child exists, DHS allegedly will notify law enforcement of the intent to conduct a forensic interview, and law enforcement will then seize the child and transport him or her to the ABC

House. (*Id.* ¶¶ 54-55). Plaintiff alleges DHS applied these Protocols to the seizure and removal of J.H. from his school on February 14, 2014, and DHS continues to adhere to these Protocols as applied. (*Id.* ¶ 56). The proposed Second Amended Complaint adds a request for declaratory relief that the application of the Protocols is unconstitutional because it "threatens to violate the federal constitutional rights of minor children." (Doc. No. 138-8, ¶ 57). The proposed Second Amended Complaint further requests injunctive relief to preclude DHS from continuing to apply the Protocols in this manner. (*Id.*).[1]

Defendants oppose Plaintiff's proposed amendment (Doc. Nos. 156, 159, 160, 161), citing various reasons why amendment should be denied, including futility, undue delay, and prejudice to the non-moving parties. After consideration of the arguments, the Court concludes Plaintiff's proposed amendment is futile based on lack of standing to bring the additional claims. Therefore, further analysis of Defendants' other arguments is not required.

Although J.H. evidently no longer attends school in Bryan County (*see* Doc. No. 165, at 2 n.1), Plaintiff asserts in the proposed Second Amended Complaint that J.H.'s custodial father "maintains residential property in Bryan County" and "J.H. will, from time to time, reside and avail himself of the laws and jurisdiction of Bryan County, Oklahoma" based on his father's residence. (Doc. No. 138-8, ¶ 47). These allegations fail to satisfy the case-or-controversy requirement of Article III of the United States Constitution. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-03 (1983); *Faustin v. City and County of Denver, Colo.*, 268 F.3d 942, 947 (10th Cir. 2001). To satisfy the standing requirement, a plaintiff "must demonstrate a personal stake in the outcome." *Lyons*, 461 U.S. at 101 (quotation omitted). The standing requirements are clear: plaintiff must demonstrate (1) he has suffered an "injury in fact" that is (a) "concrete and

---

[1] Plaintiff's proposed Second Amended Complaint also sought prospective relief against Independent School District No. 4 of Bryan County, Oklahoma. However, Plaintiff withdrew this proposed amendment in his reply brief (Doc. No. 165, at 2 n.1).

3

particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007) (quotation omitted). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Lyons*, 461 U.S. at 102 (quotation omitted). Rather, the threat to the plaintiff must be "real and immediate to show an existing controversy." *Id.* at 103 (quotation omitted). A merely speculative threat of future injury is not enough; instead, the plaintiff must be likely to suffer future injury from the wrongful conduct. *Id.* at 105-107. Accordingly, the allegation that "J.H. will, from time to time, reside and avail himself of the laws and jurisdiction of Bryan County, Oklahoma" is insufficient to confer standing for the requested injunctive and declaratory relief.

In reply, Plaintiff argues the proposed amendment nonetheless involves a live case or controversy, "because the unconstitutional application of discretionary protocols impacts the constitutional rights of J.H. when he is present in Bryan County." (Doc. No. 165, at 1-2 & n.1). Plaintiff argues there is a present intent to routinely expose J.H. to the jurisdiction of Bryan County on weekends and at times in the summer, and proposes clarification in the Second Amended Complaint to identify such intent. (*Id.* at 2 n.1, 3). Plaintiff further argues J.H. is likely to be seized again in Bryan County by application of the Protocols because of the long history of contacts between DHS and J.H.'s family. However, Plaintiff's arguments do not resolve the case-or-controversy problem, because it remains purely speculative that DHS would receive another report of domestic abuse in J.H.'s family that would occasion another forensic interview of J.H. at ABC House. *See Lyons*, 461 U.S. at 105 ("That Lyons may have been illegally choked by the police [five months prior to filing the complaint], while presumably

affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part."). Plaintiff has "made no showing that he is realistically threatened by a repetition of his experience" and therefore "has not met the requirements for seeking an injunction in a federal court." *Id.* at 109. *See also Smith v. Colo. Dep't of Corr.*, 23 F.3d 339, 341 (10th Cir. 1994) (inmate lacked standing to challenge prison regulation under which inmate property would no longer be held in storage if inmate were placed in a higher security facility, even though plaintiff alleged he had twice been regressed to higher security facilities, he had twenty-seven years left to serve, and regression was common, because it did "not suffice for the concrete, actual or imminent injury suffered by the plaintiff required for standing" to allege declaratory and injunctive relief).

In addition, Plaintiff lacks standing to bring a claim on behalf of minor children who may be harmed by application of the Protocols, as it is no more than a general citizens complaint. (*See* Doc. No. 138-8, ¶ 57 (alleging "the application of the Protocols threatens to violate the federal constitutional rights of minor children.")). *Compare Lyons*, 461 U.S. at 111 ("a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional."). Accordingly, Plaintiff's proposed Second Amended Complaint would be subject to dismissal for lack of standing for failure to allege an actual case or controversy. Because Plaintiff's proposed amendment would be futile, Plaintiff's Motion for Leave to Amend is denied.

## CONCLUSION

For the reasons detailed above, Plaintiff's Opposed Motion for Leave to Amend the Complaint (Doc. No. 138) is **DENIED.**

**IT IS SO ORDERED** this 20th day of May, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma