**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

FRANK HALLEY, as Next Friend )
of J.H., a minor child, )
                    )
         Plaintiff, )
                    )
vs. )       Case No. 14-CV-562-JHP
                    )
STATE OF OKLAHOMA *ex rel.* the )
OKLAHOMA STATE DEPARTMENT OF )
HUMAN SERVICES, *et al.*, )
                    )
         Defendants. )

## OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Compel the Plaintiff to Produce All Files Related to his Appointed Agent, Danny Williams, and for a Protective Order Prohibiting the Plaintiff from Deposing any Further Witnesses Who May Have Been Interviewed by Williams Until the Court Rules on the Motion to Compel (Doc. No. 92).

## BACKGROUND

In March 2014, Danny Williams, a private investigator licensed in the state of Texas, interviewed several witnesses to the February 2014 events that form the basis of this case. For most of these interviews, Williams traveled to Oklahoma to conduct the interviews and explained to the interviewees he had a "power of attorney" from J.H's guardian Frank Halley.[1] It is disputed whether Williams notified the interviewees he was a private investigator. Williams prepared an "investigative report" based on his interviews and provided it to Plaintiff's counsel. Plaintiff has withheld the investigative report as work product. On January 28, 2016, Plaintiff's

---

[1] There appears to be some dispute as to whether Williams interviewed additional witnesses over telephone from Texas in connection with this case.

counsel asked deponent Melissa Stout numerous questions about her interview with Williams, which alerted defense counsel to Williams' interviews and the investigative report.

Defendants now argue the investigative report must be disclosed because: (1) Williams was acting in the role of custodian/parent over J.H. at the time of the interviews and was unlicensed to interview witnesses in Oklahoma as a private investigator; and (2) Plaintiff waived any work-product protection associated with Williams' report by repeatedly asking about Williams' interview during Melissa Stout's deposition. Plaintiff objects to disclosure of the investigative report. On May 12, 2016, the Court held a hearing on Defendants' Motion.

## DISCUSSION

### I. Standard of Review – Work-Product Protection

Plaintiff claims work-product protection over Williams' investigative report. "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). But the doctrine, which is "intensely practical," also protects material prepared by agents for the attorney as well as those prepared by the attorney himself. *Id.* For the work-product doctrine to apply, the asserting party must show that the documents or materials were prepared in anticipation of litigation by or for a party or its representative, including its attorney or agent. *See* Fed. R. Civ. P. 26(b)(3). Under Federal Rule of Civil Procedure 26(b)(3), such documents are not discoverable unless a party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Even if disclosure is ordered, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The work-product protection is distinct from and broader in scope and reach than the attorney-client privilege. *See Nobles*, 422 U.S. at 238 n.11. The party asserting work-product protection must establish the protection applies. *See Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000).

Work-product protection is also subject to waiver. The party claiming waiver has the burden of proof on that issue and must establish both a legal and factual basis for the waiver. *Id.* at 643-44. Waiver of work-product protection occurs "when the covered materials are used in a manner that is inconsistent with the protection." *Bank of America, N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 170 (S.D.N.Y. 2002). In other words, "a party cannot use work-product as a sword and at the same time invoke the work-product doctrine as a shield to prevent disclosure of the same or related materials." *B.H. ex rel. Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 658 (N.D. Okla. 2005), *aff'd sub nom. B.H. v. Gold Fields Mining Corp.*, 2006 WL 3757809 (N.D. Okla. Dec. 19, 2006). "Waiver can . . . occur by implication where fairness mandates, as where a party injects the substance of work-product into litigation or other adversary proceedings, or makes a partial disclosure of work-product while seeking to maintain protection of work-product related to the same subject." *Id.* at 655 (citation omitted).

## II. Work-Product Protection Did Not Attach to the Williams Investigative Report

Here, it is clear that work product protection never attached to the investigative report Williams prepared regarding the interviews he conducted in Oklahoma, because Williams was unlicensed to act as a private investigator in Oklahoma. Under Oklahoma law, a private investigator must obtain an Oklahoma license to practice in this State. OKLA. STAT. tit. 59, § 1750.4. Violation of this provision is a misdemeanor subject to punishment of imprisonment for not more than 60 days and/or a fine of not more than $2,000. OKLA. STAT. tit. 59, § 1750.11(A).

Because Williams was acting illegally in conducting interviews in Oklahoma, such illegally-collected information does not obtain the benefit of work-product protection. *See, e.g., United States v. Christiansen*, 801 F.3d 970, 1010 (9th Cir. 2015) (finding private investigator's illegal attempt to obtain intimate personal information about an opponent in litigation in preparation for trial was not protected by work-product doctrine); *Parrott v. Wilson*, 707 F.2d 1262, 1271 (11th Cir. 1983) (finding attorney's secretly taped conversations with witnesses were not subject to work product protection and noting "'in some circumstances, a lawyer's unprofessional conduct may vitiate the work product privilege.'") (quoting *Moody v. IRS*, 654 F.3d 795, 799-801 (D.C. Cir. 1981)). "[T]he purpose of the work product privilege is to protect the integrity of the adversary process; therefore, it would be improper to allow an attorney to exploit the privilege for ends that are antithetical to that process." *Parrott*, 707 F.2d at 1271 (citing *Moody*, 654 F.2d at 800).

Plaintiff admits Williams was not licensed in Oklahoma at the time of the interviews but disputes that Williams violated Oklahoma law. In support of this assertion, Plaintiff submits a declaration from Danny Williams, in which Williams states he contacted the Council on Law Enforcement Education and Training ("CLEET") in Oklahoma to determine whether he needed a license or approval to conduct interviews in Oklahoma, and "the person at CLEET" advised him that he would not need to register or obtain an Oklahoma license if he was working for only one attorney. (Doc. No. 93-6 (Declaration of Danny Williams)). Nonetheless, Plaintiff also attaches Section 390:35-5-11 of the Oklahoma Administrative Code ("Code"), which clearly states a private investigator who is licensed in another state may obtain a temporary license to conduct business in Oklahoma if he registers with CLEET "immediately, or as soon as possible," and provides certain documentation to CLEET. (Doc. No. 93-7).

Plaintiff has not shown Williams complied with the law or made reasonable efforts to comply. First, the Court finds Williams' declaration to be unreliable. The declaration provides no detail regarding when Williams called CLEET or who advised him he did not need to register. Second, Plaintiff utterly fails to demonstrate Williams acted in good faith by relying on the word of an unidentified CLEET employee over the plain requirements of the Code. At the hearing, Plaintiff's counsel admitted Williams' technical violation of the law but insisted Williams acted in good faith by calling CLEET. However, Plaintiff offered no evidence of this "good faith" other than Williams' vague declaration and made no attempt to show CLEET's actual requirements or exemptions. Third, the Court disagrees with Plaintiff's position that the Code is sufficiently vague to cover Williams' actions. At the hearing, Plaintiff's counsel admitted he did not fully understand the licensing requirements, and Plaintiff's counsel appears to have made little or no effort to understand the Code or CLEET's requirements. It is the Court's opinion that, rather than making reasonable efforts to comply with the law, Williams ignored the law when he traveled to Oklahoma to conduct the witness interviews.

The Court concludes Williams was acting illegally when he traveled to Oklahoma to interview witnesses to the events of this case. Granting work-product protection over such illegally obtained information would be antithetical to the integrity of the adversary process. Accordingly Williams' investigative report prepared regarding those interviews enjoys no work product protection and must be disclosed to Defendants.[2]

III. **Any Work-Product Protection over the Investigative Report Was Waived**

Finally, because there is some doubt as to whether Williams' investigative report also covers interviews he conducted over the phone from Texas, the Court concludes Plaintiff waived

_____

[2] Because the Court grants Defendant's Motion to Compel on other grounds, the Court will not separately address the argument that Williams was acting in the role of a custodian or parent over J.H. at the time of the interviews.

any work-product protection over the investigative report by putting the work product at issue in the litigation. Plaintiff's counsel asked witness Melissa Stout numerous questions at her deposition concerning her interview with Williams. Plaintiff's counsel asked Stout to recall what she told Williams during the interview, and Plaintiff's counsel appeared to refer directly to Williams' report in formulating his questions and challenging her answers. (*See* Doc. No. 92-13 (excerpt of deposition of Melissa Stout)). The Court disagrees with Plaintiff's assertion that counsel's line of questioning was insufficient to waive the protection.[3]

## CONCLUSION

For the reasons detailed above, Defendants' Joint Motion to Compel the Plaintiff to Produce All Files Related to his Appointed Agent, Danny Williams (Doc. No. 92) is **GRANTED.** Defendants' Joint Motion for a Protective Order Prohibiting the Plaintiff from Deposing any Further Witnesses Who May Have Been Interviewed by Williams Until the Court Rules on the Motion to Compel (Doc. No. 92) is **MOOT**. Plaintiff's request for costs and fees is **DENIED**. Defendants' request for costs and fees is also **DENIED**.

**IT IS SO ORDERED** this 8th day of June, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[3] The Court also notes for the record that Plaintiff's waiver of work-product protection negates Plaintiff's argument that Defendants unduly delayed in not objecting to Plaintiff's disclosure of the Williams report in a privilege log on May 15, 2015.